IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RICHARD L. COX, TRUSTEE**                                                **PLAINTIFF**

v.                                     No. 4:12-cv-00331 KGB

**MOMAR, INCORPORATED AND**
**JOHN DOE I, II, AND III**                                                **DEFENDANTS**

## ORDER

This matter is before the Court on the parties' cross motions for summary judgment (Dkt. Nos. 5, 7). This matter was filed as an adversary proceeding in the Affiliated Foods bankruptcy, which is currently pending in the United States Bankruptcy Court for the Eastern District of Arkansas. It is one of many actions brought by plaintiff Richard L. Cox, the Chapter 7 trustee, to avoid preferential transfers. By order dated May 31, 2012, the bankruptcy judge transferred the case to this Court upon defendant Momar, Incorporated's ("Momar") request for a jury trial. For the reasons that follow, this matter is referred back to the bankruptcy court until it is ready to proceed to trial.

Pursuant to Local Rule 83.1, all cases and proceedings arising under the bankruptcy code or arising in or related to a case under the bankruptcy code are referred to the bankruptcy judges for this district. Bankruptcy judges are authorized to conduct jury trials in these proceedings only if all parties consent. 28 U.S.C. § 157(e); Fed. R. Bankr. P. 9015(b); Rule 9015-1 of the United States Bankruptcy Court for the Eastern and Western Districts of Arkansas. Momar does not consent to having the bankruptcy judge preside over the trial of this matter, and it has not filed a proof of claim in the bankruptcy action.

It appears that Momar has a right to a jury trial in this preference action. *In re United*

*Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449, 1450 n.5 (8th Cir. 1990) (agreeing with bankruptcy court that, in a preference action brought against bank where bank did not file a proof of claim, bank had right to jury trial under *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989)). Momar's demand for a jury trial and its refusal to consent to trial before the bankruptcy court, however, do not mandate withdrawal of the entire case to the district court. This Court may preside over the trial of this matter when it occurs, but that does not mean this Court cannot "'delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of jury selection and trial.'" *Rice v. Luken Communications, LLC*, 2011 WL 398398 (E.D. Ark. 2011) (quoting *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122 (4th Cir. 1993)); *see, e.g., In re Contemporary Indus. Corp.*, 2002 WL 32625253 (D. Neb. 2002) (referring adversary proceeding in which defendant had right to jury trial to bankruptcy court after reference had been withdrawn); *In re M & L Business Machine Co.*, 159 B.R. 932 (D. Colo. 1993) (withdrawing reference based on defendant's right to jury trial and remanding case to bankruptcy court to rule on all pretrial issues); *In re Ionosphere Clubs, Inc.*, 142 B.R. 645 (S.D.N.Y. 1992) (withdrawing reference based on defendant's right to jury trial and remanding case to bankruptcy court for submission of proposed findings of fact and conclusions of law to district court).

Accordingly, this matter is referred to the bankruptcy court for all pretrial proceedings. The bankruptcy court should notify this Court when the matter is ready for trial. The Court will then enter an order withdrawing the reference and issue a new scheduling order setting the case for jury trial. Assuming that this action is a core proceeding under the bankruptcy code, a matter on which the parties appear to agree, the bankruptcy court can rule on the parties' pending cross motions for summary judgment. *See* 28 U.S.C. § 157(b)(1). If the bankruptcy court determines that the action

is not a core proceeding, it should submit proposed findings of fact and conclusions of law to this Court pursuant to 28 U.S.C. § 157(c)(1).

SO ORDERED this 31 day of October, 2012.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge